**MARY KENNEDY,**

**Plaintiff,**

**-vs-**                                    Case No.  **6:11-cv-489-Orl-22KRS**

**IMAGINE SCHOOLS, INC.,**

**Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE (Doc. No. 17)** |
| **FILED:** | **November 7, 2011** |

**I.     PROCEDURAL HISTORY.**

Plaintiff Mary Kennedy alleged that Defendant Imagine Schools, Inc. (Imagine) violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* by failing to pay her overtime compensation.  Doc. No. 1.  The parties have now settled the case and request that the Court find that the settlement is a fair and reasonable resolution of the dispute as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.    ANALYSIS.

In her answers to the Court's interrogatories, Kennedy averred that she was owed $11,355.82 as alleged unpaid overtime, plus an equal amount as liquidated damages. Doc. No. 12 at 2. Under the settlement agreement, Kennedy will receive only $10,000.00. Doc. No. 17-1 at 2. The compromise is based on a dispute about the number of hours Kennedy worked "off-the-clock." Defendant disputes that Kennedy regularly worked compensable off-the-clock time and contends that 300 of the 613 hours claimed were based upon accrued leave hours not covered by the FLSA. This adequately explains the reason for the compromise of the FLSA claim.

Because Kennedy has compromised her FLSA claim, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Kennedy agreed to accept. In a supplemental memorandum filed at the direction of the Court, counsel for Kennedy represents that the attorney's fees under the settlement are $2,000 and costs reimbursed in the amount of the filing fee, $350.00. Counsel also represents that "Plaintiff's recovery has been resolved separately and aside from the sum allocated to attorney's fees and costs." Doc. No. 19 ¶ 1.

Counsel for Plaintiff began practicing law in 2004. Doc. No. 19. This Court has previously approved $250.00 per hour for a lawyer with seven years of experience in an FLSA case when the lawyer had practiced exclusively in the area of employment law. *See Romanowski v. Nestle Waters North Am., Inc.*, No. 8:05-cv-1500-T-30EAJ, 2006 WL 3827537, at *3 (M.D. Fla. Dec. 28, 2006). I recommend that this Court find $250.00 per hour to be reasonable solely under the circumstances of this case in this case in the absence of objection. The time sheet filed by counsel for Plaintiff reflects that she reasonably worked eight hours in this case. Therefore, the

$2,000.00 fee would constitute the full lodestar amount. The record also reflects that a $350.00 filing fee was paid. Accordingly, the attorney's fees and costs under the settlement is reasonable.

Therefore, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains a confidentiality provision that is at least partially unenforceable due to the public filing of the document. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.    **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.    **GRANT** in part the Joint Motion for Settlement Approval and Dismissal Prejudice, Doc. No. 17;

3.    **PROHIBIT** counsel for Plaintiff from withholding any portion of the $10,000.00 payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4.    **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5.    **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6.    **DISMISS** the case with prejudice; and,

7.     **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy